## LAIRD v COLUMBIA CASUALTY CO.

Common Pleas Court, Summit Co

No 131342.  Decided Dec 30, 1940

John Grimm, Akron, for plaintiff.
William A. Kelly, Akron, for defendant.

## OPINION

By WATTERS, J.
On February 7, 1940, this plaintiff in this court in case No. 128396 recovered a judgment by default against Robert O. and Mary Shaw in the sum of $2500 for damages for personal injuries to plaintiff, directly and proximately caused by the unlawful sale of intoxicating liquor to plaintiff December 24, 1938, while plaintiff was then intoxicated, and in violation of §6064-65 and other sections.

Mary Shaw was in the retail liquor business jointly with her husband, and was operating under a D-3 permit and had given the usual bond according to law with this defendant as surety.

Neither of the Shaws appeared at the trial regularly set, and upon evidence produced the above judgment was entered.

The defendant bonding company was not made a party. Suit is now on the $1000 bond.

Among the conditions of said bond are the following:

"Whereas, in accordance with the provisions of §6064-18 GC, as amended by Amended House Bill No. 501 effective on and after May 30th, 1937, the Department of Liquor Control shall require each permit holder, excepting Class C-1, Class D-1, and Class F permit holders to furnish a bond to the satisfaction of the Tax Commission of the state of Ohio for the faithful observance of the terms and conditions of the particular class of permit issued to such permit holders, and to comply with all the laws of the state of Ohio and the rules, regulations and orders of the Department of Liquor Control and the Tax Commission of Ohio in respect to the provisions of the Liquor Control Act and all other laws of the state, and all taxes levied under the provisions thereof, for which the principal may be liable upon sales made by him or his agents, or representatives, of any kind of non-intoxicating or intoxicating beverages or liquor whether under authority of such permit or otherwise.

"Now, therefore, the condition of this obligation is such that if the said principal shall pay, according to the terms, provisions and limitations of said act and other laws of this state and the amendments and supplements thereto, all permit fees and penalties imposed under the provisions of the said Liquor Control Act and said laws of this state, and all taxes levied under the provisions thereof for which the said principal may be liable upon sales made by him or his agents, or representatives, of any kind of non-intoxicating or intoxicating beverages or liquor, whether under authority of his permit or otherwise and shall faithfully observe the terms and conditions attached to the issuance of his permit, and shall comply with all of the laws of the state of Ohio and the rules, regulations and orders of the Department of Liquor Control and the Tax Commission of the state of Ohio in respect thereto, then this obligation shall be null and void, otherwise to remain in full force and effect."

The defendant demurs to the amended petition on the ground that it does not state a cause of action.

This bond was required by the Liquor Control Act. "It is an accepted principle of law that a statute which provides for the giving of a bond becomes a part of the bond and imports into it omitted conditions prescribed by statute." (See **136 Oh St at page 29,** next to last paragraph).

Under §6064-22 it is made unlawful to sell intoxicating liquor to a person already intoxicated. Under §6064-65 the penalty is prescribed making it a misdemeanor. (See also **51 Oh Ap 118**). This latter case was before the effective date of §6064-65 **GC.**

In view of the conditions of the bond in question, and in view of the holding of our Supreme Court in **136 Oh St 27, 15 OO 532, Cusack v The New York Casualty Co.,** rendered on November 15, 1939, and in view of the provisions of the Liquor Control Act and §11242 **GC,** it is the court's opinion that the plaintiff may maintain this action and that the bond in question covers the facts in the instant case, and that the petition, therefore, sets forth a valid cause of action against the defendant company.

The court will not take the time and space to discuss **136 Oh St 27, 15 OO 532,** at length. It seems that said case goes much further than our situation here.

In the cited case of Hauth v Sambo et, (Nebraska Supreme Court 1916) in 158 N. W Rep. 1036, the bonding company was held liable in a suit under the bond required under the liquor act of that state. The principal there had sold the plaintiff's deceased intoxicating liquor. He became intoxicated and was killed in that condition, while walking along railroad track, by a train. The court held the bond covered such a situation.

In the Nebraska statute the conditions of the bond were limited to a violation of the provisions of the liquor act itself.

The Ohio statute conditions the bond not only upon violations of the Liquor Control Act but also covers any violation of the laws of Ohio.

The Nebraska Act covered payment of:

"All damages, fines and penalties and forfeitures which may be adjudged against him under the provisions of this chapter."

The Ohio statute provides for payment of "all permit fees and penalties imposed under the provisions of the State Liquor Control Act and the laws of this state."

The word "penalties" in the Ohio statute is not used in the narrow sense of fine or punishment but in the broader sense of damages, judgment or recovery.

Under the law as it is a person injured as a direct and proximate cause of the intoxicated condition of a minor auto driver could recover under the bond of a retail liquor dealer who in violation of law sold the minor intoxicating liquor.

The demurrer will be overruled and the defendant is given exceptions and will answer by January 18, 1941.